UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| AMANDA SEUTTER, *et al.*, <br><br>            Plaintiffs, <br><br> v. <br><br> MEAD JOHNSON NUTRITION COMPANY, *et al.*, <br><br>            Defendants. | Case No. 0:24-cv-2179 <br><br> (Removed From the Fourth Judicial District of Hennepin County, Minnesota; Case No. 27-CV-24-7741) |

## DEFENDANTS' NOTICE OF REMOVAL

Defendants Mead Johnson Nutrition Company and Mead Johnson & Company, LLC remove this case from the Fourth Judicial District of Hennepin County, Minnesota, under title 28, United States Code Sections 1332, 1441, 1446, and 1453. The grounds for removal are as follows:

## BACKGROUND

1.  On May 3, 2024, Plaintiffs Amanda Seutter and Brittany Yelle filed a Complaint in the Fourth Judicial District Court for Hennepin County, Minnesota against Defendants Mead Johnson Nutrition Company and Mead Johnson & Company, LLC (together, "Mead Johnson"). (**Exhibit 1**.)

2.  This putative class action involves several Mead Johnson infant formula products, including: Enfamil® A.R.™, Enfamil® Gentlease®, Enfamil® Enspire™ Gentlease®, Enfamil® NeuroPro™, Enfamil® NeuroPro™ Sensitive, Enfamil® Nutramigen®, and Enfamil® ProSobee® (the "Products"). *See* Compl. ¶ 1 n.1.

3.  Plaintiffs allege the Products contain "Heavy Metals," including arsenic, cadmium, and lead, but Mead Johnson does not disclose that on its packaging. *See, e.g.*, Compl. ¶¶ 43–44 (**Ex. 1**).

4. As a result, Plaintiffs allege Mead Johnson violated Minnesota's Unlawful Trade Practices Act, Uniform Deceptive Trade Practices Act, False Statement in Advertising Act, Prevention of Consumer Fraud Act, and breached other statutory and common law duties. *See id.* ¶¶ 179–294.

5. Plaintiffs also seek to maintain this lawsuit as a class action on behalf of "[a]ll persons who are residents of Minnesota who, from May 1, 2018, to the present, purchased the Infant Formulas in Minnesota for household use, and not for resale." *Id.* ¶ 173.

## GROUNDS FOR REMOVAL

**I.     This Court has original jurisdiction under the Class Action Fairness Act of 2005.**

6. "A primary purpose in enacting CAFA was to open the federal courts to corporate defendants out of a concern that the national economy risked damage from a proliferation of meritless class action suits." *Bell v. Hershey Co.*, 557 F.3d 953, 957 (8th Cir. 2009).

7. "CAFA's provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) (cleaned up).

8. "CAFA expands federal diversity jurisdiction to include class actions in which more than $5 million is in controversy if any member of a class of plaintiffs is a citizen of a State different from any defendant." *Pirozzi v. Massage Envy Franchising, LLC*, 938 F.3d 981, 983 (8th Cir. 2019) (quotation omitted).

9. All three CAFA requirements are satisfied because there (1) is minimal diversity, (2) are more than 100 putative class members, and (3) is more than $5 million at issue in the aggregate. *See* 28 U.S.C. § 1332(d). There are also no exceptions to CAFA jurisdiction. *See* 28 U.S.C. § 1332(d)(4).

      **A.**    **The parties are minimally diverse.**

10.    Plaintiff Seutter is a citizen of Minnesota, resides in Elk River, Minnesota, and allegedly purchased some Enfamil® Gentlease® in Minnesota. Compl. ¶¶ 31–32 (**Ex. 1**).

11.    Plaintiff Yelle is a citizen of Minnesota, resides in Plymouth, Minnesota, and allegedly purchased Enfamil® Neuropro™ and Enfamil® Gentlease® in Minnesota. *Id.* ¶¶ 35–36.

12.    Defendant Mead Johnson Nutrition Company ("Mead Johnson Nutrition") is a Delaware corporation with its principal place of business in Evansville, Indiana. *See id.*, ¶ 39.

13.    Defendant Mead Johnson & Company, LLC ("Mead Johnson & Company") is a limited liability company headquartered in Evansville, Indiana and organized under Delaware law. *See* Mead Johnson & Company, LLC Ind. Sec. of State Bus. Entity Report (Dec. 2023) (**Exhibit 2**).

14.    Thus, the parties are minimally diverse because Plaintiffs are citizens of a State different from both Mead Johnson Nutrition and Mead Johnson & Company. 28 U.S.C. § 1332(d)(2)(A); 28 U.S.C. § 1332(d)(10); *see Gillespie v. Benton Invs. & Assocs., LLC*, Case No. 4:12CV00288 BSM, 2012 WL 13020749, at *1–2 (E.D. Ark. Nov. 2, 2012) (noting "CAFA changes the traditional rule" for determining citizenship of "'unincorporated association[s]'").

      **B.**    **The putative class plausibly exceeds 100 members.**

15.    Based on Plaintiffs' proposed class definition, Compl. ¶ 173, there are plausibly more than 100 putative class members, 28 U.S.C. § 1332(d)(5)(B).

16.    Mead Johnson, in response to Plaintiffs' Complaint, reviewed sales data for the Products in the State of Minnesota from June 2019 until April 2024. Declaration of Daniel Jenski, ¶¶ 3–6 (**Exhibit 3**).

17. There were more than 100,000 units of the Products sold in Minnesota between June 2019 and April 2024. Jenski Decl. ¶ 6.

18. Based on Plaintiffs' putative class definition and Mead Johnson's sales data, there are likely more than 100 putative class members. Compl. ¶ 173; Jenski Decl. ¶ 6; *see* 28 U.S.C. § 1332(d)(5)(B).

**C.    The amount in controversy plausibly exceeds $5,000,000.**

19. The amount in controversy plausibly exceeds $5,000,000, exclusive of costs and interest. 28 U.S.C. § 1332(d); *see Bell*, 557 F.3d at 959 ("Under the preponderance standard, the jurisdictional fact is not whether the damages are greater than the requisite amount, but whether a fact finder might legally conclude that they are." (cleaned up)).

20. Plaintiffs allege they and the putative class "would not have purchased" the Products or paid a "premium price" for them but for Mead Johnson's allegedly misleading and deceptive conduct. *E.g.*, Compl. ¶¶ 188, 206, 220, 233, 246, 266, 286 (**Ex. 1**). That is, either Plaintiffs seek a full refund for every unit purchased or some "price premium" theory of damages.

21. Based on the total volume of Products sold in Minnesota between June 2019 and April 2024, Mead Johnson's total aggregate sales for the Products exceeded $5,000.000. *See* Jenski Decl. ¶ 5 (**Ex. 3**).

22. The amount-in-controversy requirement is met. 28 U.S.C. § 1332(d)(2).

**D.    No exception to CAFA jurisdiction applies.**

23. There are two exceptions to CAFA jurisdiction, but neither apply. 28 U.S.C. § 1332(d)(4).

24. The "local controversy" exception does not apply because: (1) neither Mead Johnson Nutrition nor Mead Johnson & Company are "citizen[s] of" Minnesota, 28 U.S.C.

4

§ 1332(d)(4)(A)(i)(II)(cc), and (2) during the three years before this lawsuit was filed, at least one other class action asserting the same or similar factual allegations was filed against Mead Johnson, 28 U.S.C. § 1332(d)(4)(A)(ii). *See Lopez v. Mead Johnson Nutrition Co.*, No. 1:24-cv-00691 (N.D. Ill.) (**Exhibit 4**).

25. The "home state" exception does not apply either because neither Mead Johnson Nutrition nor Mead Johnson & Company, the "primary defendants," are "citizens of" Minnesota. 28 U.S.C. § 1332(d)(4)(B); 28 U.S.C. § 1332(d)(10).

**II.     The procedural requirements for removal are satisfied.**

26. Promptly after filing this Notice of Removal, Mead Johnson will notify counsel for Plaintiffs and the Hennepin County District Court that this case was removed. *See* 28 U.S.C. § 1446(a); 28 U.S.C. § 1453(b).

27. This District and Division is the proper venue for removal because it encompasses Hennepin County, Minnesota, where this action was originally filed. *See* 28 U.S.C. § 1441(a); 28 U.S.C. § 1453(b).

28. Mead Johnson Nutrition and Mead Johnson & Company waived service and, through counsel, received a copy the Complaint on May 7, 2024. *See* Waiver of Service (**Exhibit 5**). This removal is therefore timely. *See* 28 U.S.C. § 1446(b); 28 U.S.C. § 1453(b).

29. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all process, pleadings, and orders is attached as **Exhibit 6**.

## CONCLUSION

30. Removal of this action to the United States District Court for the District of Minesota, Division 4 is proper under the Class Action Fairness Act of 2005. *See* 28 U.S.C. § 1332(d). This Court has original jurisdiction because (1) minimal diversity exists, (2) there are

more than 100 putative class members, and (3) there is more than $5,000,000 at issue in the aggregate.

Dated: June 6, 2024

SOULE & STULL LLC
By: */s/George W. Soule*
    George W. Soule (#0103664)
    7201 Metro Boulevard, Suite 200
    Edina, MN 55439
    Tel: 612.353.6403
    Fax: 612.573.6484
    Email: gsoule@soulestull.com

    and
    Jennifer L. Mesko (*pro hac vice* forthcoming)
    Ethan W. Weber (*pro hac vice* forthcoming)
    Tucker Ellis LLP
    950 Main Avenue, Suite 1100
    Cleveland, OH 44113-7213
    Tel: 216.592.5000
    Fax: 216.592.5009
    Email: jennifer.mesko@tuckerellis.com
          ethan.weber@tuckerellis.com

*Attorneys for Defendants Mead Johnson Nutrition Company and Mead Johnson & Company, LLC*

## CERTIFICATE OF SERVICE

On June 6, 2024, the foregoing document was filed via the Court's electronic filing system. Notice of this filing will be made through the CM/ECF System to all counsel of record. A copy of the foregoing document and notice of electronic filing will be mailed by first class mail, postage paid, to the following:

Catherine Sung-Yun K. Smith
Daniel E. Gustafson
Shashi K. Gowda
**GUSTAFSON GLUEK PLLC**
Canadian Pacific Plaza
120 South 6th Street, Suite 2600
Minneapolis, MN 55402

Robert K. Shelquist
Rebecca A. Peterson
Krista K. Freier
Catherine A. Peterson
**LOCKRIDGE GRINDAL NAUEN PLLP**
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401

Kenneth A. Wexler
Kara A. Elgersma
**WEXLER BOLEY & ELGERSMA LLP**
55 West Monroe Street, Suite 3300
Chicago, IL 60603

Simon B. Paris
Patrick Howard
**SALTZ MONGELUZZI & BENDESKY, PC**
1650 Market Street, 52nd Floor
One Liberty Place
Philadelphia, PA 19103

Lori G. Feldman
**GEORGE FELDMAN McDONALD, PLLC**
102 Half Moon Bay Drive
Croton-on-Hudson, NY 10520

David J. George
Brittany L. Sackrin
**GEORGE FELDMAN McDONALD, PLLC**
9897 Lake Worth Road, Suite #302
Lake Worth, FL 33467

Janine L. Pollack
**GEORGE FELDMAN McDONALD, PLLC**
745 Fifth Avenue, Suite 500
New York, NY 10151

Katrina Carroll
Kyle A. Shamberg
**LYNCH CARPENTER LLP**
111 W. Washington Street, Suite 1240
Chicago, IL 60602

Jason Gustafson
**THRONDSET MICHENFELDER, LLC**
222 South Ninth Street, Suite 1600
Minneapolis, MN 55402

*/s/George W. Soule*